UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN O'MARA, et al.,        )
       )
      Plaintiffs,        )
       )
      v.        )        No. 4:14CV00302 AGF
       )
THE FLETCHER COMPANY, LLC,        )
       )
      Defendant.        )
       )

## MEMORANDUM AND ORDER

This action was pursuant to the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. §1132, for the collection of delinquent contributions to employee

benefits funds. It is now before the Court on Plaintiffs' unopposed motion for summary

judgment. For the reasons set forth below, the motion shall be granted.

Plaintiffs are the Plumbers and Pipefitters Local 562 ("Local 562") and the trustees of

the Plumbers and Pipefitters employee benefit funds. The record establishes that Defendant

The Fletcher Co., LLC, is party to a collective bargaining agreement with Local 562 which

requires the payment by Defendant of dues to Local 562, and contributions to the benefits

funds on a monthly basis based on hours worked for Defendant by members of Local 562.

In the event of delinquent payment of contributions, the collective bargaining agreement

requires the payment of 20% liquidated damages, 7% interest, and the Plaintiffs' costs and

attorney's fees incurred in an action to collect the contributions.

In support of their motion for summary judgment, Plaintiffs have submitted evidence, based on an audit of Defendant, that a total of $33,586.98 is owed in delinquent contributions for the period of August 2007 through July 2014. For this period, Defendant also owes union dues of $2,577.75, liquidated damages of $6,717.40, and interest of $399.03. Plaintiffs have also submitted evidence that they have incurred attorneys' fees of $2,214.50, costs of $484.48, and accounting fees of $1,288.00 in connection with this lawsuit. Defendant has not responded to the motion, and the time to do so has elapsed.

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In determining whether summary judgment is appropriate in a particular case, the evidence must be viewed in the light most favorable to the nonmoving party. *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654 (8th Cir. 2007).

Under Local Rule 4.01(E), Plaintiffs' statement of facts is deemed admitted because it was not controverted by Defendant. However, even if a motion for summary judgment stands unopposed, a court must still determine that the moving party is entitled to judgment as a matter of law. *Interstate Power Co. v. Kansas City Power & Light*, 992 F.2d 804, 807 (8th Cir. 1993); *Tucker v. Karol*, No. 1:15CV17 SNLJ, 2015 WL 7737289, at *1 (E.D. Mo.

Dec. 1, 2015).

Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), entitles Plaintiffs to unpaid contributions, liquidated damages, costs, and attorney's fees, in addition to these items being required by the terms of the collective bargaining agreement. Based on the undisputed facts as supported by the record, Plaintiffs have established there is no genuine dispute as to any material fact and that they are entitled to a judgment as a matter of law in the total amount of $$47,268.14. *See, e.g., Cement Masons Local 527 v. Innovative Concrete, LLC*, No. 4:14-CV-1287 CAS, 2015 WL 1623785, at *1 (E.D. Mo. Apr. 10, 2015) (granting the ERISA benefits funds fiduciaries' unopposed motion for summary judgment in an action against employer to collect delinquent contributions and dues, liquidated damages, and fees and costs); *Carpenters' Dist. Council of Greater St. Louis & Vicinity v. Ceiling Sys. C.S. Co.*, No. 4:10CV1880 RWS, 2011 WL 2938160, at *2 (E.D. Mo. July 20, 2011) (same).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for summary judgment in the amount of $47,268.14 is **GRANTED**. (Doc. No. 29.)

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of December, 2015.